(No. 4750

CHARLES CALLEN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 10, 1959.*

STANFORD S. MEYER, Attorney for Claimant.

LATHAM CASTLE, Attorney General.; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

FEARER, J.

Claimant, Charles Callen, brings this action to recover $7,500.00 for personal injuries, which he sustained on December 4, 1954, when he fell on the shoulder of a public highway, known as Old Illinois State Route No. 40, outside of the city limits of Highland, Madison

County, Illinois, a short distance south of the Green Lantern Tavern.

As the result of the fall, claimant sustained injuries consisting of a spiral fracture of the lower third of the tibia, and also a fracture of the lateral malleolus, the end of the fibula.

At the time of the injury claimant was employed by the State of Illinois receiving $1.40 per hour, and working a forty hour week. He was out of work for seven months with an alleged total loss of earnings of $1,568.00. Medical bills, incurred as the result of said injuries, were as follows: Hospital expenses $327.85, and doctor's fees $250.00.

A summary of the evidence is as follows:

On the evening of December 3, 1954, Mr. Callen, accompanied by his wife and friends, Gus Liening and his wife, visited the V.F.W. Post in Caseyville, Illinois. From there they went to the Sky Line Tavern. In both of these taverns they consumed beer, and at the Sky Line Tavern they also ate. Before midnight they went to the Green Lantern Tavern, which was across the highway from the Sky Line Tavern, and, while at the Green Lantern Tavern, they consumed more beer. They left the Green Lantern Tavern shortly after midnight on December 4, 1954.

On arriving at the Green Lantern Tavern, Mr. Liening parked his automobile a short distance south of the tavern, which was located on the west side of State Route No. 40. The automobile was parked some four or five feet west of the paved portion of the highway on the shoulder, which was on the west side of the road, and was approximately six feet in width.

Many patrons of the tavern had parked their automobiles, which was the custom, on the shoulder in front of the tavern. The front door of the tavern was approxi-

mately forty feet from the west edge of the paved portion of the highway.

There is a conflict in the evidence as to the shoulder on the west side of the highway being in a poor state, of repair. The shoulder was described as being constructed of gravel, macadam and cinders. This was a patrolled highway. From the evidence it appears that the depression or hole was only noticeable after a rainfall, and only then because water remained in it. The hole in which claimant fell was described as being two and one-half to three feet in diameter and from two to two and one-half inches deep.

Claimant is contending that the shoulder in front of the tavern had slight depressions in it, which were hazardous, and had been for a considerable period of time, and that the State had actual, or at least constructive notice of this. The evidence in this regard is not too convincing. However, this is not the determining factor in deciding this case. There is a slight conflict in the evidence as to the exact location of the hole or depression in which claimant slipped and fell, and thereby sustained personal injuries. It is convincing, however, that, prior to December 4, 1954, no one ever complained about the condition of the highway or shoulders adjacent thereto.

Upon leaving the tavern, claimant and his wife and friends were walking in a single file between cars parked on the shoulder to Mr. Liening's automobile. Claimant was walking directly in front of his wife. Claimant's wife testified that she did not see the hole, but saw her husband slide into the hole, which caused him to fall.

Claimant contends that the shoulder on the highway was in a poor state of repair; that respondent had actual or constructive notice; and that it owed a duty to

pedestrians walking on said shoulder, or right of way, to maintain its right of way for the protection of pedestrians.

This is not a case where claimant is contending that the shoulder was not maintained in a reasonably safe condition for traffic traveling upon State Highway No. 40. There is no question but what the highway was under the jurisdiction of the State of Illinois, and that the accident occurred on the right of way.

There is, however, a serious question as to the liability of respondent to maintain its shoulders in such a condition that it would be safe for pedestrians and people using the State right of way in parking their automobiles in front of the tavern.

The State is not an insurer of all persons injured on its rights of way.

Arvidson vs. City of Elmhurst, 8 Ill. App. (2d) 183, 189.
Grant vs. State of Illinois, 21 C.C.R. 563.

The State is not obligated or required to maintain the shoulders of its highways in the same condition as it is required to maintain the traveled or paved portion of its highways. This is particularly true in the absence of crosswalks or sidewalks outside of corporate limits.

The facts in this case do not constitute a duty upon the State to maintain the shoulders as parking areas for taverns, nor to maintain shoulders for pedestrian travel, even though the State and municipalities must maintain crosswalks at intersections in a reasonably safe condition for pedestrian travel. However, it does not follow that either the State or municipality must maintain all public highways under its jurisdiction in the same manner and condition as sidewalks and crosswalks should be maintained. To so require would place an impossible burden upon the State.

Claimant did not fall on a sidewalk or crosswalk. The point where the car was parked, which he was approaching at the time, was south of the tavern along the State right of way. To require the State to maintain its shoulders as a parking area for pedestrians of the tavern would be placing an undue burden upon the State. This tavern is located in a rural area, and, even though claimant and other patrons of the tavern had a right to walk upon the shoulder or State right of way going to and from the tavern, this would not require or place a duty upon the State to so repair or maintain the shoulder for pedestrians.

The majority of the citations set out in the brief referred to the responsibility of municipalities and respondent in maintaining crosswalks and sidewalks, and the balance of authorities referred to the duty of the State to maintain the paved portion of its highways and the shoulders located along said highway in a reasonably safe condition, but not requiring the State to maintain its shoulders in the same condition as the paved portion for the protection of vehicular traffic.

This Court recently had an occasion to pass on the case of *Mary Barrett* vs. *State of Illinois*. The accident in that case happened in Utica, Illinois, while claimant traveled across the State highway at a point where there was no crosswalk or sidewalk. In that case we denied recovery. There was cited in the opinion the case of *Boender* vs. *City of Harvey*, 251 Ill. 228, in which case the court said on pages 230 and 231:

"* * * Municipal corporations are not insurers against accidents. The object to be secured is reasonable safety for travel considering the amount and kind of travel, which may fairly be expected upon the particular road or street. A highway in the country need not be of the same character as a street in a large city. (*Molway* vs. *City of Chicago*, 239 Ill. 486.) * * * only duty cast upon the city is that it shall maintain

the respective portions of the street in a reasonably safe condition for the purposes to which such portions of the street are devoted."

Claimant has not cited a case that places a duty upon respondent to maintain the shoulders of its highways in such a condition that they would be safe for the protection of pedestrians walking thereon.

It is further significant that of all the parking and travel by patrons in going from their automobiles to and from the tavern, the fact that claimant, and those accompanying him, had gone into the tavern and returned to their car, it was only claimant who fell in the depression. Further, since no one had ever complained before to any of respondent's agents that this shoulder was in such a bad condition that it required attention, it is very apparent to us that claimant has failed to establish that he was in the exercise of ordinary care for his own safety at the time of the injury.

If the hole in the shoulder was as large and as dangerous as claimant is now trying to present and make this Court believe, it is hard to understand why he should not have seen the hole and stepped over it as other witnesses testified they did.

We are denying this claim for the reason that to place the burden upon respondent, which claimant is now contending in this particular area, would be placing a burden upon it, which the law does not contemplate, particularly for pedestrians outside of a municipality. State roads outside of municipalities do not have to be maintained in the same manner as sidewalks and crosswalks within municipalities for pedestrians.

Questions of contributory negligence and proximate cause, being questions of fact, and this Court not only being a trier of the law but a trier of all the facts, from the state of the record we cannot see where claimant has

maintained the burden of proof, which he is required to maintain in order to obtain a recovery.

For the reasons above stated the claim is hereby denied.